## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**RUSSELL T. NEAL,**
            **Plaintiff,**

**vs.**                                    **Case No.  3:06cv8/RV/MD**

**OFFICER CASSIDY, et al.,**
            **Defendants.**

_____

### REPORT AND RECOMMENDATION

This cause brought pursuant to 42 U.S.C. § 1983 is before the court upon plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 9).  For the following reasons, the court concludes that the motion should be denied.

Plaintiff is an inmate at Walton Correctional Institution ("Walton CI").  This civil rights action concerns an alleged use of excessive force at Walton CI.  Plaintiff names as defendants three Walton CI officials: Officer Cassidy, Officer Sormrude and Captain Goddin.  In plaintiff's present motion for a temporary restraining order, he complains that officers "associated with" defendants have threatened, warned and harassed plaintiff in order to intimidate him from pursuing this action. Specifically, plaintiff alleges the following: (1) an unidentified officer "planted a shank" around plaintiff's bunk which resulted in plaintiff being placed in confinement; (2) an unidentified officer stole plaintiff's witness list; (3) unidentified officers have threatened plaintiff's witnesses; and (4) defendant Sormrude and officers Manning, Morris and McCart "have stopped [plaintiff] and removed [him] from population to harass and threaten" him.  (Doc. 9, p. 3).  Plaintiff seeks an order directing defendants to "cease and desist from any and all acts of harassment,

coersion [sic], threat of/or actual violence, intimidation, retaliation or entrapment or to enlist, procure or intice [sic] others to do so, including but not limited to all agents and officers of Walton Correctional Institution."  (*Id.*, p. 1).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

1.  There is a substantial likelihood that plaintiff will prevail on the merits;

2.  There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3.  The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4.  The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987).  This

necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995). Because officers Manning, Morris, McCart and the other unidentified Walton CI officials are not parties to this action, a restraining order against them is unavailable. Further, plaintiff fails to allege facts to suggest that defendants have enlisted those officers to engage in the alleged misconduct. Finally, plaintiff's general assertion that defendant Sormrude has removed him from population to "harass and threaten" him does not suggest that plaintiff will suffer irreparable injury if the restraining order is not granted.

Accordingly, it is respectfully RECOMMENDED that plaintiff's motion for a temporary restraining order (doc. 9) be DENIED.

At Pensacola, Florida, this 22nd day of February, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).