IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
    Plaintiff,

vs.                                                Case No.  3:06cv8/RV/MD

OFFICER CASSIDY, et al.,
    Defendants.

---

### REPORT AND RECOMMENDATION

    This cause brought pursuant to 42 U.S.C. § 1983 is before the court upon plaintiff's second Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 17). For the following reasons, the court concludes that the motion should be denied.

    Plaintiff is an inmate at Walton Correctional Institution ("Walton CI"). This civil rights action concerns an alleged use of excessive force at Walton CI on July 9, 2005. Plaintiff names as defendants three Walton CI officials: Officer Cassidy, Officer Sormrude and Captain Goddin. In plaintiff's present motion, he seeks an order directing defendants to "cease and desist from any and all acts of violence and/or retaliation." (Doc. 17, p. 1). In support of his motion, he alleges: (1) that on the day of the alleged use of excessive force, defendants Sormrude and Cassidy "threatened [plaintiff] with death and/or additional acts of violence if the plaintiff attempted to file any form of report or grievance regarding the abuse that had just taken place;" (2) that on July 16, 2005 defendant Cassidy "further threatened the plaintiff with violence;" (3) that when plaintiff filed sworn affidavits concerning the incident at the direction of a DOC investigator, defendants "conspired and did plant a shank (weapon) via Officer Geffert under [plaintiff's] bunk;" (4) that corrections

officers other than the named defendants "delivered messages from the arresting officer" (apparently in plaintiff's criminal case), with one such "message" accompanied by a kidney punch; (5) that the investigator for plaintiff's DR hearing (presumably concerning discovery of the shank) threatened two of plaintiff's hearing witnesses; and (6) that other witnesses (presumably for this proceeding) have received retaliatory DRs from various officers. (*Id.*, pp. 4-9).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537

(11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff has failed to meet the prerequisites for obtaining injunctive relief in this case. Although plaintiff seeks an order directing defendants to cease all acts of violence, he does not allege defendants have engaged in any acts of violence toward him. According to plaintiff, defendants have been threatening him with violence since July of 2005, but nothing in his allegations suggests a <u>substantial</u> threat that plaintiff will suffer violence or irreparable injury at the hands of defendants if the injunction is not granted. His allegations that another officer kidney punched him while delivering a message from plaintiff's arresting officer does not suffice. As to plaintiff's request for an order directing defendants to cease all acts of retaliation, plaintiff fails to allege specific facts to support his contention that defendants were behind the alleged planting of a shank by Officer Geffert. Finally, plaintiff fails to relate the issues surrounding his DR hearing to the conduct complained of in this civil rights action (*i.e.*, defendant's alleged assault of plaintiff on July 9, 2005).

Accordingly, it is respectfully RECOMMENDED that plaintiff's second motion for a temporary restraining order (doc. 17) be DENIED.

At Pensacola, Florida, this 6th day of April, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**