**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RUSSELL T. NEAL,**
    **Plaintiff,**

vs.                                      **Case No.  3:06cv8/RV/MD**

**OFFICER CASSIDY, et al.,**
    **Defendants.**

___

**ORDER, AMENDED REPORT AND RECOMMENDATION**

On December 4, 2006 the undersigned issued a Report and Recommendation recommending that plaintiff's third Motion for Temporary Restraining Order and/or Preliminary Injunction be denied.  (*See* docs. 43 & 44).  This Amended Report and Recommendation is submitted following plaintiff's filing of an <u>amended</u> third Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 48).  For the sake of clarity and judicial economy, the original Report and Recommendation shall be vacated and this Amended Report and Recommendation shall replace the former in full.

Plaintiff is an inmate at Calhoun Correctional Institution ("Calhoun CI").  This civil rights action concerns an alleged use of excessive force at Walton Correctional Institution on July 9, 2005.  Plaintiff names as defendants three Walton CI officials: Officer Cassidy, Officer Sormrude and Captain Goddin.  In plaintiff's present motion, he seeks an order directing DOC official Timothy Yaw and his unidentified subordinates to cease and desist any transfers of plaintiff unless they are for necessary and pre-scheduled medical care or required for court proceedings in which plaintiff is a party (doc. 48).

**Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.** *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    **1. There is a substantial likelihood that plaintiff will prevail on the merits;**

    **2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;**

    **3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and**

    **4. The granting of the preliminary injunction will not disturb the public interest.**

*CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

    Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-

43 (11th Cir. 1995).  Because Mr. Yaw is not a party to the underlying action, preliminary injunctive relief against him is unavailable.

Accordingly, it is ORDERED:

The original Report and Recommendation (doc. 44) is vacated, and this Amended Report and Recommendation replaces the former in full.

And it is respectfully RECOMMENDED:

That plaintiff's <u>amended</u> third motion for a temporary restraining order (doc. 48) be DENIED.

At Pensacola, Florida, this 8th day of December, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**