IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RUSSELL T. NEAL,**
    **Plaintiff,**

**vs.**                                           **Case No.  3:06cv8/RV/MD**

**OFFICER CASSIDY, et al.,**
    **Defendants.**
_____

**O R D E R**

      **This cause is before the court upon plaintiff's motion for enlargement of time (doc. 66).  This request will be granted; however, no further extensions will be granted absent exceptional circumstances.  The court takes this opportunity to address an additional matter raised in plaintiff's motion.**

      **Plaintiff seeks clarification of this court's March 20, 2007 order (doc. 65) which denied his March 14, 2007 amended motion for sanctions (doc. 63) as premature because plaintiff had not filed a motion to compel.  Plaintiff believes this ruling was "in error."  The order was not in error.  At the time plaintiff filed his amended motion for sanctions, he had not filed a motion to compel or any other document which could be so construed.[1]  Plaintiff cannot rely on his previous motion to compel (doc.**

---

[1] The court did not and will not construe plaintiff's document entitled "Objections to the Order of the Court (Doc. 62)," docketed as Doc. 64, as a motion to compel because it expressly states that it is intended as an objection to this court's March 2, 2007 order, and because it does not comply with this court's requirements for motions to compel.  *See* N.D. Fla. Loc. R. 26.2(B).  Instead of following Rule 26.2(B) which requires the movant to: (1) quote each response to which objection is taken, (2) quote in full the opponent's specific objection (or insufficient response), and (3) state the reasons such objection/response should be overruled or found insufficient, plaintiff generally asserts that practically all of defendants' discovery responses are inadequate, outlining the particulars required by Rule 26.2(B) as to only three responses.

50), as that motion dealt with defendants' <u>previous</u> discovery responses (not those now at issue), and that motion has already been ruled upon and terminated.[2]  (*See* doc. 55).

Accordingly, it is ORDERED:

Plaintiff's motion for enlargement of time (doc. 66) is GRANTED to the extent that plaintiff's deadline for complying with this court's March 20, 2007 order (doc. 65) is extended to May 4, 2007.

DONE AND ORDERED this 5th day of April, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2]The court's treatment of plaintiff's March 14, 2007 amended motion for sanctions (doc. 63) is not inconsistent with its treatment of plaintiff's previous discovery motion (doc. 50). On December 28, 2006 plaintiff filed a document entitled "Petition to Enforce Discovery and Motion for Sanctions" (doc. 50), in which he asserted that defendants had wholly failed to serve any response whatsoever to his interrogatories and request for production of documents. He further asserted that defendants' response to his request for admissions failed to comply with Fed.R.Civ.P. 36(a). The court construed the plaintiff's filing as a motion to compel and for sanctions (doc. 51). Because the assertion was that defendants had failed to serve any response to two sets of discovery requests (plaintiff's interrogatories and request for production of documents), the specificity requirements of Local Rule 26.2(B) were not necessary for resolution of the motion. Thereafter, defendants amended their responses to plaintiff's request for admissions, and served their initial answers and responses to his interrogatories and document requests. Plaintiff now takes issue with <u>these new responses</u>, asserting that they are evasive and incomplete.

Case No: 3:06cv8/RV/MD