**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RUSSELL T. NEAL,**
    **Plaintiff,**

vs.                                                  **Case No.  3:06cv8/RV/MD**

**OFFICER CASSIDY, et al.,**
    **Defendants.**
_____

**O R D E R**

This cause is before the court upon plaintiff's motion to compel (doc. 68) and motion for sanctions (doc. 74).  Defendants have filed a response, and a motion to amend defendant Goddin's answers to admissions (doc. 75).

This action, brought pursuant to 42 U.S.C. § 1983 involves defendants' alleged violation of plaintiff's Eighth Amendment rights.  Plaintiff claims he was subjected to cruel and unusual punishment on July 9, 2005 when defendants Sormrude and Cassidy beat him in the "OIC" (Officer In Charge) office.  Defendant Goddin allegedly witnessed the beating, and not only failed to intervene, but cheered and laughed (doc. 6, p. 7 and continuation pages).  Defendants submitted a special report in response to the amended complaint in which they argue that no abuse, beating or use of force against plaintiff occurred on July 9, 2005 (doc. 22).

Thereafter, plaintiff was granted leave to conduct discovery (docs. 30, 38).  Plaintiff served upon defendants interrogatories, requests for production of documents, and requests for admissions.  He later filed a motion to enforce petitions for discovery, (doc. 50), arguing that defendants failed to serve any answers to his interrogatories, failed to serve any responses to his requests for production of documents, and served insufficient responses to his requests for admissions.  On January 30, 2007 the court granted the motion in part (doc. 55).  Defendants then served amended answers to plaintiff's requests

for admissions, answers to plaintiff's interrogatories, and responses to plaintiff's requests for production of documents (doc. 61, attach. 1). The instant motion to compel ensued (doc. 68). The court ordered defendants to respond, and later granted them an extension of time to their requested date of May 31, 2007 (doc. 73). Defendants did not respond by that date. Plaintiff filed a notice of non-compliance and motion for sanctions (doc. 74). Three days later, on June 14, 2007 defendants filed their response (doc. 75).

<u>Defendants' Responses to Plaintiff's Requests for Admissions</u>

Plaintiff served twenty-five requests for admission upon defendant Goddin, and thirty-two requests upon defendants Sormrude and Cassidy. The court will grant defendant Goddin's motion for leave to withdraw and amend his answers as set forth in Document 75.

As now twice amended, defendant Goddin's answers are still insufficient. Defendant Goddin answers seventeen of the requests as follows: "Without knowledge. Defendant has made reasonable inquiry; the information known or readily obtainable is insufficient to enable this Defendant to admit or deny. The incident alleged by Plaintiff did not occur. Accordingly, Defendant cannot admit or deny details thereof." (Doc. 75, p. 2; doc. 61, attach. 1, ex. A). This is the answer he gives with regard to such basic matters as admitting whether he was working a particular shift on the date in question, admitting that he was a Captain and the Officer In Charge of security on that date, etc. (Doc. 50, ex. A, pp. 2-10). The undersigned disbelieves that defendant Goddin cannot readily obtain information to enable him to admit or deny some or all of the seventeen matters.[1] Therefore, defendant Goddin's answers to requests for admission numbers 2-12, 14, 18 and 20-23 are treated as failures to answer. Plaintiff's motion to compel is granted with respect to these answers, and defendant Goddin is required to serve amended answers which admit or deny the matter, OR, if defendant Goddin **genuinely** cannot admit or deny the matter due to lack of information, his answer shall state **with specificity** the attempts he has made to obtain the information necessary to admit or deny the matter and why those efforts were unsuccessful.

---

[1] Furthermore, as plaintiff correctly points out, plaintiff's requests for admission do not allege any particulars of the incident, only the particular date in question, July 9, 2005. Thus, Goddin's response that he cannot admit or deny details of the alleged incident because it did not occur, is entirely without justification.

*Case No: 3:06cv8/RV/MD*

Defendants Sormrude and Cassidy's answers to admission requests 3-4, 7-22, and 25-29 are insufficient for the same reasons. (*See* doc. 50, ex. A. pp. 11-19; doc. 61, attach. 1, ex. A). Therefore they will be required to serve amended answers in conformity with the guidelines set forth in the previous paragraph.

Defendants' Answers to Plaintiff's First Set of Interrogatories

Plaintiff contends that defendants' answers to interrogatories 11 and 12 are insufficient. Interrogatory 11 reads:

> Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

(Doc. 68, p. 29; *see also* doc. 75, p. 4). Defendants did not object to the interrogatory. They answered, "No, not at this time." (*Id.*; *see also* doc. 75, p. 5). Plaintiff argues that defendants' response is incomplete and evasive, because each of them gave a sworn, tape-recorded statement to Inspector Ben Smith who investigated plaintiff's physical abuse complaints, as evidenced in the Inspector General's Office memorandum provided as part of defendants' special report. (*See* doc. 22, ex. A). That report includes an affidavit of another correctional officer, Sergeant Robert Stanley, as well as relevant medical records containing notes of nursing staff who examined plaintiff. The IG memorandum also references sworn tape-recorded statements from other Washington CI officers (Officer Jeremy Ramos and Officer Brandon McCullers). Plaintiff states that defendants are also aware of statements of officers in use of force incident reports concerning the incident. (Doc. 68, p. 30).

Defendants respond that this interrogatory would have been subject to numerous objections, "[f]or example, a complete answer by each Defendant would necessarily include every statement that defendant had ever made, as well as every statement made by [a] co-defendant, whether or not in any way related to the subject matter of suit." (Doc. 75, pp. 4-5). However, by not timely raising this objection, defendants have waived it. Fed.R.Civ.P. 33(b)(4). Even if not waived, Rule 33 provides that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection **and shall answer to the**

**extent the interrogatory is not objectionable**." Fed.R.Civ.P. 33(b)(1). Thus, even if defendants had objected on the grounds they now proffer long after the fact, any reasonable person would have known that they were required to answer to the extent plaintiff sought disclosure of statements made concerning his claim of physical abuse allegedly occurring on July 9, 2005. Defendants' second excuse, that their failure to disclose was "mere error," (doc. 75, p. 5) does not persuade this court that they answered this interrogatory in good faith. And the court is equally unimpressed by defendants' argument that their incomplete and evasive answer is of no moment because plaintiff has not been prejudiced by it. The court treats defendants' answer to interrogatory 11 as a failure to answer, and directs them to answer it.

  Interrogatory 12 reads:

> State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

(Doc. 68, p. 33; *see also* doc. 75, p. 5). Defendants did not object to the interrogatory and answered, "None." (Doc. 68, p. 34; *see also* doc. 75, p. 5). Plaintiff argues that this response is incomplete and evasive, because he is aware that numerous photographic images of the dormitory's exterior mentioned in his amended complaint exists and have been taken by one Officer Bach "who has had to produce photographic evidence for administrative purposes as well as incidents and/or inspections for certification by outside agencies." (Doc. 68, p. 34). Defendants respond, again, that plaintiff was not prejudiced by their answer since he apparently already knows of the photographs and their custodian. (Doc. 75, p. 6). They further argue that this interrogatory is so overly broad that a person of ordinary intelligence could not reasonably be expected to understand that generalized photographs of the institution facilities are the intended focus of discovery. They also note that plaintiff's objection to their answer fails to identify the controverted "fact or issue" that hinges upon the discovery of such photographs, and further fails to show in what manner photographs of the institution would aid resolution of the disputed facts in this case. (*Id.*). Again, if defendants had objections concerning relevance and overbreadth, they waived them by failing to timely make them. Their response is deemed a failure to answer, and

they will be required to answer interrogatory 12 as it has now been clarified by plaintiff. (*see* doc. 68, p. 35).

Defendants' Responses to Plaintiff's Request for Production of Documents

Plaintiff moves to compel production or inspection with regard to three of his requests for production of documents. Request 1 asked for the names and addresses of various corrections officers, DOC staff, and inmates who plaintiff contends have information concerning the alleged beating. Defendants objected to the request, stating, "No existing document; insufficient information." (Doc. 68, p. 38; doc. 75, p. 7; doc. 61, attach. 1, ex. C).

Plaintiff contends that the information is readily available and, whether or not a particular document exists providing all of this information, the information is electronically stored and could easily be produced in some form. (Doc. 68, p. 39). Defendants respond that they are not required to create documents, or to conduct research for documents which are not in their custody, control, or possession. They further contend that their status as DOC employees is not a basis to require them to produce the information because the DOC itself is not a party and, as such, has no obligation to produce such documents even if they exist. Additionally, the request seeks the disclosure of confidential information, for example, the residence address of correctional officers is made confidential by Florida Statutes. Similarly, DOC policy prohibits disclosure to inmates of the location of other inmates.

The defendants' position on this issue is well taken. The DOC is not a party to this action, and DOC employees cannot be required to produce documents that are not in their care, custody or control. The documents, to the extent they exist, belong to the DOC. If the DOC wants to produce them voluntarily, as it has done with respect to certain use of force reports (see discussion of request number 3, below), that is its prerogative. However, the court cannot order it to do so.[2]

In request for production of document number 2, plaintiff seeks to compel "complaint/case information" related to "Miller v. Crosby, case no. 4:05cv421/MMP/AK" and

---

[2] Just so the record is clear, in the court's experience cases of this nature are easier to handle from both sides, and easier to resolve, if there is some degree of cooperation on the DOC's part on such readily obtainable items as the use of force reports. The court appreciates that cooperation.

"Stearnmiller v. DOC."  (Doc. 68, p. 41; *see also* doc. 75, p. 8).   Defendants responded to the request, stating "Objection."  (Doc. 68, p. 42; doc. 61, attach. 1, ex. C).  Plaintiff's motion to compel with regard to document request number 2 is denied as vague and overbroad.

The last matter raised in plaintiff's motion to compel is with regard to request for production number 3, which apparently seeks the production of use of force reports and Inspector General investigation summaries involving the named defendants.  Plaintiff complains that although he was permitted inspection of such documents dating from July 9, 2000-July 9, 2005, he was not permitted free copies of them and was told that he must pay $0.15 per page plus employee wages to produce copies.  Additionally, plaintiff was not allowed to take notes.  Defendants' counsel responds that he "has made arrangements, contemporaneously with this filing, for a second production meeting where Plaintiff may take notes of the documents."  (Doc. 75, p. 9).  Defendants' offer to provide a second inspection where plaintiff may take notes may satisfy plaintiff's request.  If it does not and plaintiff desires copies, he must pay for them.

The court makes a final comment with regard to defendants' conduct during discovery.  Defendants' delays in responding to plaintiff's initial discovery requests and in response to the instant motion to compel are not appreciated.  Further, even if defendants have not been deliberately untruthful in the answers and responses noted above, those responses demonstrate a reckless disregard of the requirements of litigation in federal court.  Apparently, defendants did not take seriously their attestations under oath that their answers were true and correct.  Otherwise, they would not have feigned ignorance with regard to the truth of obvious matters; nor would they have denied knowledge of their own statements and those referenced in their evidentiary material.  Doing so demonstrates a frivolous attitude toward litigation in this court.  It is understandable, though not endorsed by this court, that defendants would not show respect to a prisoner. But defendants' patent disrespect for this court is neither understandable nor appreciated.  Defendants may not like being sued, and may think this entire process is ridiculous, but they are being sued, and the case needs to be resolved.  Defendants and their counsel are admonished that their signatures on the incomplete and evasive responses referenced herein comes very close to the line warranting sanctions under Federal Rule of Civil Procedure 26(g), or, in

the case of an attorney who signs off on incomplete and evasive responses, and who may not think this court is serious in its efforts to get this and similar cases resolved in a timely fashion one way or the other, to a Rule 11 sanction.

Accordingly, it is ORDERED:

1. Plaintiff's motion to compel (doc. 68) is GRANTED IN PART as set forth above.

2. Plaintiff's motion for sanctions (doc. 74) is DEFERRED.

3. Defendant Goddin's motion for leave to withdraw and amend responses to request for admissions (doc. 75) is GRANTED to the extent the court has considered the proposed amended responses in ruling on plaintiff's motion to compel.

4. Within **thirty (30) days** from the date of this order, defendants shall serve amended answers to plaintiff's requests for admissions and amended answers to plaintiff's interrogatories, as outlined above. Upon such service, defendants shall file with the court a copy of the certificate of service indicating the date upon which they served their amended answers.

5. Within **thirty (30) days** from the date of this order, defendants shall serve amended answers to plaintiff's first set of interrogatories, as outlined above. Upon such service, defendants shall file with the court a copy of the certificate of service indicating the date upon which they served their amended answers.

6. Within **ten (10) days** from the date of this order, defendants shall provide for a second production meeting where plaintiff may take notes of the use of force reports and Inspector General investigation summaries, as outlined above. If, at the second production meeting, plaintiff requests copies of any or all of such documents, copies shall be produced within ten (10) days at plaintiff's expense.

DONE AND ORDERED this 29th day of June, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**