**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RUSSELL T. NEAL,**

      **Plaintiff,**

v.                                           Case No. 3:06cv8/RV/MD

**OFFICER CASSIDAY, et al.,**

      **Defendants.**
_____/

## ORDER SETTING TRIAL

All discovery having been completed, the following pretrial schedule and procedure is established:

(1) Defendants' attorney and the *pro se* plaintiff shall correspond or otherwise communicate for the following purposes:

    (a) To discuss the possibility of settlement;

    (b) To stipulate to as many facts and legal issues as possible;

    (c) To examine originals or copies of all exhibits and documents proposed to be used at trial; and

    (d) To furnish opposing parties the names and addresses of all witnesses, including possible rebuttal witnesses and experts.

The parties shall complete the requirements of paragraph (1) of this order prior to **February 13, 2009.**

This case is set for a jury trial on **Wednesday, March 25, 2009,** with jury selection commencing at 9:00 a.m. in Courtroom Five, United States Courthouse, 1 North Palafox Street, Pensacola, Florida.

(2) Prior to the commencement of trial, the parties shall file with the Clerk of the Court, and serve a copy to the opposing counsel/party, the following:

(a) A factual narrative and a trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law, with copy to opposing counsel.

(b) Written requests for instructions to the jury, together with proposed forms of verdict, with copies to opposing counsel. Both sides shall attempt to jointly agree on the proposed instructions, and shall identify those which are mutually satisfactory. All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall (if not jointly submitted) designate the party submitting the same; and, in the case of multiple requests by a party, shall be numbered in sequence. In accordance with the "reasonable time" provision of Rule 51(a)(1), Federal Rules of Civil Procedure, all such requests for jury instructions shall be filed at least four (4) days before trial. Requested jury instructions regarding matters unforeseeable at that time must be filed prior to the time jury selection begins. However, upon good cause shown, supplemental requests for instructions may be submitted at any time prior to, or at, the close of the evidence. It is the Court's policy to utilize the most recent version of the Eleventh Circuit's "Pattern Jury Instructions (Civil Cases)" (West Group), and all requested instructions shall, if different from the pattern, identify the differences and provide a rationale for its utilization in lieu of the pattern. If there is no Eleventh Circuit pattern instruction similar or analogous to the requested instruction, then the request shall so specify. For claims based on state law, the comparable Florida (or applicable state's) standard jury instruction may be requested.

(3) Counsel for each party shall arrange with the Clerk for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party. Exhibits shall be marked with numbers instead of letters.

(4) <u>Size of Jury</u>. The jury shall consist of not less than six and not more than twelve members, unless the parties stipulate otherwise and the Court approves. Ordinarily, a jury of twelve members will be selected for civil trials that are expected to be of normal duration and complexity, although the Court may select less to meet the needs of a particular case. Unless otherwise stipulated by the parties and approved by the Court, all jurors seated (and not excused for cause during the trial) shall participate in reaching an unanimous verdict.

(5) <u>Settlement</u>.  If the case is settled prior to trial, it is the responsibility of the parties to see that the Court is immediately advised.  Sanctions may be imposed for failure to do so.

(6) <u>Voir Dire Procedure</u>.  Voir dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk at least four (4) days prior to trial, with copy to opposing counsel.  At the conclusion of the Court's voir dire examination and in the Court's discretion, reasonable opportunity may be given for counsel or the Court to ask additional questions that counsel believe should properly be asked because of answers given, or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

(7) <u>Selecting the Jury</u>.  Jury selection will be accomplished in the manner specified by the Court prior to trial.  Ordinarily, the Court will randomly draw the panelists' names from the venire, prepare an ordered list of the panelists, and provide the list to each side immediately before jury selection begins. Challenges for cause shall be made, and considered by the court, upon the conclusion of voir dire.  By statute, each side is entitled to three peremptory challenges.  The jurors will then be selected in the following manner: the Court will start with the top name on the list of panelists and go down the list, with each side exercising peremptory challenges as appropriate, until the jury is selected.

DONE AND ORDERED this 12th day of January, 2009.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**