IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,

    Plaintiff, *pro se*,

v.                                                              Case No.: 3:06-cv-8/RV/MD

OFFICER CASSIDAY, et al.,

    Defendants.
_____/

## ORDER

    This section 1983 civil rights case is scheduled for a jury trial beginning Wednesday, March 25, 2009. Pending are three motions filed by the plaintiff, Russell T. Neal: a motion in limine (doc. 189); a motion for physical examination (doc. 192); and a motion for telephonic and/or satellite appearance and testimony (doc. 194). Each will be discussed in turn.[1]

**1. Motion in Limine (doc. 189)**

    Much of this motion seeks relief that is clearly premature. For example, the plaintiff moves to compel a potential defense witness, Correctional Officer Inspector Benjamin Smith, to provide verification of his certification, educational background, and other occupational documents in order "to establish his veracity." Assuming *arguendo* that such information is both necessary and relevant to Officer Smith's expected testimony, it is premature to compel the information unless and until he is called to testify. Likewise, the plaintiff objects to the introduction of various documents that he claims are "based upon insufficient facts or data" and are the "product of unreliable

---

    [1] The plaintiff is proceeding *pro se*, and his motions are handwritten and at times confusing. I have done my best to decipher the allegations and relief sought in these pleadings.

principles and methods." To point to one example, he objects to the introduction of a memorandum from the Inspector General's office that allegedly mischaracterizes affidavits that were filed in connection with his civil rights complaint. If and when the defendants seek to admit this or any other challenged evidence at trial, the plaintiff is free to make his objection and I will rule on admissibility at that time.[2]

The plaintiff next objects to the "cannibalism" of his medical records, by which he appears to be claiming that the defendants are planning to introduce only part of his medical records when a full picture is needed. He thus argues that "if documentation is accessable [sic] in part, it is accessable [sic] in its entirety." Specifically, he is asking that his full records from an Opthamologist, Dr. Eugene B. Wolchok, be admitted at trial because "those portions submitted by the Defendants are inadequate." It is unclear what relief the plaintiff is seeking from the court. If at trial the defendants seek to introduce only part of his medical records, and the plaintiff believes that additional records are relevant and needed to give context, he is free to seek introduction of those additional records, subject to the federal rules of evidence and procedure. The court will not do the plaintiff's trial preparation for him.[3]

---

[2] The plaintiff also appears to move to compel the production of recorded statements made in connection with the Inspector General's investigation. To the extent that is what he is requesting, I previously denied that same request. *See* doc. 196 (citing to defendants' responses to prior motion to compel, at docs. 191, 195).

[3] The plaintiff appears to also be arguing, however, that he has been unable to get the full medical records because he does not have money for copies. Again, his motion (to the extent that it may be construed as a motion to request free copies) is denied. *See, e.g., Rivera v. Washburn,* 2008 WL 117945, at *2 (W.D.N.Y. 2008) (noting that *pro se* litigants "do not have a general right to free copies"); *Dudley v. MCSO Inmate Legal Services,* 2007 WL 2330897 (D. Ariz. 2007) (denying *pro se* request for the court to "make arrangements for copies"); *Grindling v. Loo,* 2006 WL 3191237 (D. Hawaii 2006) (denying *pro se* request that the court provide him copies because he cannot afford to pay the costs; noting that even though the plaintiff may be indigent, "he is still not entitled to a waiver or shifting of the costs for discovery") (citing several cases, including *Murray v. Palmer,* 2006 WL 2516485 (N.D.N.Y. 2006) (indigency of *pro se* litigant "does not relief him of the duty to pay his share of the cost of discovery (or somehow shift that cost to either Defendants or the Court")); *Orraca v. Lee,* 2007 WL 81921 (N.D.N.Y. 2007) (denying *pro se's* request that he be excused from paying copying costs; holding *in forma pauperis* status "does not shift the entire financial

The plaintiff "objects to the exclusion of Nurse Betty Byrd," and states that "should this person not be available, Plaintiff would inquire as to why?" Relatedly, he objects to the "editting [sic] of the truth by deletion of key witnesses," by which he appears to be claiming that he expects that the defendants do not plan to call certain witnesses who have useful information. Two months ago, on January 12, 2009, I entered an order setting forth the procedure for the plaintiff to secure his witnesses at trial. *See* doc. 168. The plaintiff seeks to compel the attendance of Nurse Byrd and other witnesses without complying with that order, so the request is denied.[4]

The plaintiff next moves to preclude the defendants and any witnesses from wearing their correctional officer or law enforcement uniforms. He argues that "the presence of any person in uniform, can only be interpreted as an intent to bolster and give false and misleading validation to testimonials before this Court" and that it would have an "inherant [sic] influence of an assumed degree of authority or honesty." The defendants have not responded and indicated whether they (or any witnesses) intend to wear their official uniforms. I assume they intend to do so.

District courts have broad discretion and wide latitude in conducting trials and maintaining the courtroom and parties. The defendants were employed as correctional officers at the time of the events underlying this case, and they were functioning in that capacity at the time of the alleged assault. Defendants routinely attempt to dress and look their best before the jury during trials, and corrections officers routinely wear

---

burden of litigation either to the Court or to the opposing parties" and the costs of obtaining copies of requested documents must remain with the party making the request).

[4] For example, the plaintiff seeks to compel the attendance of Officer Sutton, who he believes will not appear voluntarily and will require a subpoena. My order sets out the procedure for securing the appearance of involuntary witnesses, and he has not complied with that procedure. He has not submitted a money order made payable to Officer Sutton for her travel expenses and witness fee, as he was required to do. The plaintiff contends that he is "unable to meet the requirements necessary to fascilitate [sic] any subpoena" because of his "economical status." However, my prior order explained that: "Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis.*"

uniforms as part of their job. I see no reason why the defendants here should not wear their uniforms. *See Jones v. Ralls,* 187 F.3d 848 (8th Cir. 1999) (district court did not abuse its discretion in permitting police officers to wear their standard uniforms at trial); *cf. Johnson v. Commonwealth of Virginia,* 449 S.E.2d 819 (Va. App. 1994) (holding that it was error for trial court to deny defendant the right to wear military uniform during criminal trial; allowing a defendant to wear his military uniform does not afford "an unrealistic suggestion of good character" any more than does "neat and clean attire and good grooming," and it is therefore "inappropriate for a trial court to deny a courtroom participant the right to present himself in his best posture").

Lastly, the plaintiff requests that the defendants be precluded from using his prior arrests, convictions, and incarcerations, as well as his present conviction, as impeachment evidence. Whether such evidence is permissible for impeachment will be controlled by Rule 609 of the Federal Rules of Evidence at trial.

## 2. Motion for Physical Examination (doc. 192)

In this motion, the plaintiff requests that he be allowed to submit to an examination by Dr. James Patrinely, an Opthamologist located in Pensacola, Florida. The plaintiff contends that the examination will provide independent validation of the condition of his eye (optical nerve and cornial damage) that he alleges was the result of the defendants' actions. Although his motion does not definitively state, given his lack of financial resources and professed inability to pay for copies of his medical records, *see* discussion *supra*, it seems safe to assume that the plaintiff is requesting that either the court or the defendants pay for this examination. Once again, it is the plaintiff's responsibility to do his own trial preparation.

The plaintiff also asks that another doctor, Dr. Wolchok, be contacted by the Clerk's office to set up telephone testimony. In my previous order, I set forth the procedures for the plaintiff to arrange for the appearances of his witnesses, and he is once again advised to consult that order.

## 3. Motion for Telephonic and/or Satellite Appearance and Testimony (doc. 194)

For this motion, the plaintiff asks that the court arrange for the appearance and testimony of his witnesses. He contends that he has not arranged for the cost of issuing

subpoenas and paying the witness fees (as he is required to do) because he is "financially precluded from the service of subpoenas." As set out several times already, the plaintiff is responsible for his own trial preparation and for securing the appearance of witnesses. The fact that he is indigent does not shift the financial burden of prosecuting his civil case onto the defendants or the taxpayers.

## CONCLUSION

For these reasons, the plaintiff's motions (docs. 189, 192, 194) are DENIED.

**DONE and ORDERED this 13th day of March, 2009.**

/S/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**